# BACKES & HILL, LLP

ESTABLISHED IN 1886
COUNSELORS AT LAW

HARRY R. HILL, JR.

SCOTT L. PURO
Certified by the Supreme Court of NJ as
a Civil Trial Attorney
Also admitted in PA, DC & NY

MICHAEL J. CONLAN
Certified by the Supreme Court of NJ as
a Civil Trial Attorney
Also admitted in PA

CHRISTINE M. PICKEL
Also admitted in PA

SETH J. LAPIDOW
Also admitted in NY & VT

3131 PRINCETON PIKE
BUILDING 5, SUITE 114
LAWRENCEVILLE, N.J. 08648

(609) 396-8257
_____
FAX: (609) 895-2933

WWW.BACKESANDHILL.COM

MICHAEL J. NIZOLEK (1950-1994)
ROBERT M. BACKES (1916-2007)
BRENDA FARR ENGEL (1953-2012)

**VIA E-FILING**

The Honorable Joseph F. Bianco
District Judge, Eastern District of New York
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

January 25, 2019

      *Re: Ricardo Jurado v. Earthbath, Inc. (2:18-cv-05619)*

Dear Judge Bianco:

  Pursuant to Rule III (A) of Your Honor's individual motion practice rules, we write on behalf of defendant Earthwhile Endeavors, Inc. ("Earthwhile"), incorrectly sued as Earthbath, Inc., to request a pre-motion conference in anticipation of filing a motion to dismiss under Fed. R. Civ. P. 9 and 12.

  Plaintiff Jurado ("Plaintiff") attempts to bring a putative class action lawsuit, alleging that Earthwhile's labeling of 25 of its pet grooming products (the "Products") is deceptive in its alleged description as "All Natural" and "Totally Natural" because, in Plaintiff's view, the Products contain synthetic materials. But Plaintiff's myriad claims should be dismissed or stayed for the following reasons.

  *First*, Plaintiff's complaint fails to meet the well settled pleading standards under *Igbal/Twombly* because the only allegations of the presence of synthetic ingredients are conclusory and speculative. Plaintiff alleges that the labels are misleading because the Products contain various ingredients which are allegedly synthetic but merely concludes, without basis, that there are ingredients in the Products that are not natural because they can be manufactured. This conclusion, without more, fails. *See, In re KIND LLC "Healthy & All Natural" Litig.,* 209 F. Supp. 3d 689, 698 (S.D.N.Y. 2016), citing *In re Whole Foods Mkt. Grp., Inc. Overcharging Litig.,* 167 F.Supp.3d 524, 535 (S.D.N.Y. 2016) ("[A] claim based only on probabilistic evidence

of injury, devoid of any factual allegations particular to the plaintiff and without a basis to plausibly infer that all covered products were implicated, does not adequately plead injury-in-fact.").

*Second*, Plaintiff seeks to bring an action against twenty-five (25) of Earthwhile products when he vaguely alleges only that he "purchased a number of the products, including the grooming wipes." Compl. at ¶31. But Plaintiff lacks standing to pursue any claim involving Earthwhile products he did not purchase. *See NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.,* 693 F.3d 145, 158 (2d Cir. 2012); *DiMuro v. Clinique Laboratories*, LLC, 572 Fed. Apps. 27 (2d Cir. 2014); *Elkind v. Revlon Consumer Products Corp.,* No. 14-cv-2484 (JS) 2015 WL 234134 (E.D.N.Y May 14, 2015). Worse, here, Plaintiff alleges that he purchased some of the Products but does not actually plead which ones. Leaving the court to guess which products were actually purchased. That alone mandates dismissal of Plaintiff's claims. *See Holve v. McCormick & Company, Inc.*, 334 F. Supp. 3d 535, 548 (W.D.N.Y. 2018) ("There are no specific allegations regarding the purchase of of the Other Products Plaintiff purchased -- leaving the Court to speculate *which* of the Other Products Plaintiff purchased. As a result, Plaintiff has failed to establish a casual connection between the Other Products and her injuries.").

*Third*, Plaintiff seeks a permanent injunction prospectively requiring Earthwhile "to correct its practices" and cease labeling products as "All Natural" or "Totally Natural." Not only do the Products' labels not make such claims, but Plaintiff also lacks standing because he fails to allege that he intends to purchase any of Earthwhile's products in the future.[1] Failure to allege an intention to purchase more of the offending product is fatal to a claim for prospective injunctive relief. *Carver v. City of New York,* 621 F.3d 221 (2d Cir. 2010); *Elkind, supra*; *Buonasera v. Honest Co., Inc.,* 208 F.Supp. 3d 555, 565 (S.D.N.Y. 2016). Here, Plaintiff not only fails to specify which products he actually purchased, but alleges only that he "would purchase the Products again if the ingredients were changed." Compl. at ¶46. This kind of allegation is insufficient to demonstrate "real or immediate threat of injury." *See Holve v. McCormick & Co., Inc.* 334 F. Supp. 3d 535, 552 (W.D.N.Y. 2018) (finding allegation of future purchase insufficient when predicated on a change in the product). Further, Plaintiff's claim for prospective injunctive relief is moot. Well before this action was filed, Earthwhile changed its product labels and no longer uses the slogan "totally natural pet care." Because Earthwhile has already corrected its practices and changed its labels, Plaintiff's claims are moot. *See O'Neill v. Standard Homeopathic Company,* No. 16-CV-8687 (KMK) 2018 WL 4680997 (S.D.N.Y. Sept. 28, 2018) ("The voluntary cessation of allegedly illegal conduct usually will render a case moot. . . .").[2]

*Fourth*, The New York Court of Appeals has established an objective standard for determining whether an act is materially deceptive or misleading under GBL 349 and 350 "to a reasonable consumer acting reasonably under the circumstances." *Oswego Laborers' Local 214*

---

[1] One label pictured in the Complaint does use the words "All Natural" but that label was changed in 2015.

[2] Moreover, Plaintiff's damages claims are moot as Earthwhile has an unconditional money-back guarantee which provides the class with complete relief. *See In re Aqua Dots Products Liability Litig.,* 654 F.3d 748, 752 (7th Cir. 2011) ("plaintiffs want relief that duplicates a remedy . . . that remains available to *all* members of the putative class.").

*Pension Fund v. Marine Midland Bank, N.A.,* 85 N.Y.2d 20 (1995). Here, the contents of the Products' labels - viewed in their entirety - demonstrate that no reasonable consumer would be deceived. Indeed, the labels nowhere claim that the individual Products are "Totally Natural" but simply use the slogan "totally natural pet care" under the Earthbath name. But that slogan is non-actionable puffery. *See Zaccagnino v Nissan N. Am., Inc.,* 14 CIV. 3690, 2015 WL 3929620, at *3–4 (S.D.N.Y., June 17, 2015). Further, since no reasonable consumer would believe that grooming wipes and pet shampoo exist in nature or emerge fully formed from the union of non-processed materials, Plaintiff's claims fail as a matter of law.

*Fifth,* Plaintiff's various breach of warranty claims fail as matters of law. First, Plaintiff's Magnuson-Moss Warranty Act claim fails because an " 'All Natural' label does not warrant a product free from defect." *In re Frito-Lay N. Am., Inc. All Nat. Litig.,* 12-MD-2413, 2013 WL 4647512, at *17 (E.D.N.Y. Aug. 29, 2013). Next, Plaintiff's breach of an express warranty fails for failure to plead pre-suit notice of breach. *See Petrosino v. Stearn's Products, Inc.*, 16-CV-7735, 2018 WL 1614349, at *8 (S.D.N.Y. Mar. 30, 2018) ("Plaintiff must provide factual allegations, as opposed to conclusory statements, supporting the contention she notified Defendant of the alleged breach within a reasonable time after discovering them."). Last, Plaintiff's breach of implied warranty fails because he fails to allege privity with Earthwhile. *See Tomasino v. Estee Lauder Companies Inc.,* 44 F. Supp. 3d 251, 262 (E.D.N.Y. 2014) ("Absent privity of contract, [however,] a purchaser cannot recover mere economic loss against a manufacturer under a theory of breach of implied warranty.")

*Sixth,* Plaintiff's claims of breach of the consumer fraud statutes of 42 states fails for failure to plead with the specificity required by F.R.C.P. 9(b). *See DiMuro v. Clinque Laboratories, LLC*, 572 Fed. Appx. 27, 30 (2d Cir. 2014).

*Last*, the case should be dismissed or stayed under the primary jurisdiction doctrine so that the Federal Trade Commission can utilize its special knowledge to make the determination whether the ingredients contained in the Products are not natural. Indeed, the issue of whether sellers can advertise a product as "All Natural" is within the specific competence of the FTC which has been tasked with addressing deceptive labeling. *See* [https://www.ftc.gov/news-events/blogs/business-blog/2016/04/are-your-all-natural-claims-all-accurate](https://www.ftc.gov/news-events/blogs/business-blog/2016/04/are-your-all-natural-claims-all-accurate). The consistent administration of its complicated regulatory scheme by the FTC will be made difficult if private plaintiffs redefine standards on a state-by-state basis, and the FTC has already intervened in the "All Natural" debate. *See generally*, *Scholder v. Riviana Foods Inc.*, 16-cv-6002, 2017 WL 2773586 (E.D.N.Y. June 23, 2017)

For these reasons, Earthwhile respectfully requests a pre-motion conference.

Respectfully submitted,

s/ Seth J. Lapidow, Esq.