

February 4, 2019

**VIA ECF**
The Honorable Joseph F. Bianco
District Judge, Eastern District of New York
United States District Court
100 Federal Plaza
Central Islip, NY 11722

              Re:    Ricardo Jurado v. Earthbath, Inc. (2:18-cv-05619)

Dear Judge Bianco,

    We represent Plaintiff in the above-captioned case and write in response to Defendant's January 25th, 2019 pre-motion letter.  For the reasons stated below, Defendant's proposed motion would be a waste of the parties' and the Court's resources.

    Second Circuit caselaw involving personal care products allegedly misusing the term "natural" is well established.  Numerous cases have been decided in the past five years involving many of the issues raised by Earthbath.  Indeed, during a pretrial motion in *Ciancio v. Beaumont Products Incorporated*, No.: 7:16-cv-08124 (S.D.N.Y.), Judge Karas in the Southern District indicated to defendant that it would be a waste of time and judicial resources to file a motion which included many of the same arguments raised in Earthbath's letter. Earthbath's arguments are addressed in turn.

    *First,* it is sufficient for *Iqbal*/*Twombly* purposes that Plaintiff has described his understanding of the term "natural" and alleged which ingredients do not meet this description. *See, e.g.*, *Sitt v. Nature's Bounty, Inc.*, No. 15-CV-4199 (MKB), 2016 U.S. Dist. LEXIS 131564, at *40-44 (E.D.N.Y. Sep. 26, 2016) (claim stated where plaintiff alleged "natural" product contained magnesium stearate); *Segedie v. Hain Celestial Grp., Inc.*, No. 14-cv-5029 (NSR), 2015 U.S. Dist. LEXIS 60739 at *30 (S.D.N.Y. May 7, 2015) ("[I]t is enough that Plaintiffs allege that "natural" communicates the absence of synthetic ingredients.").  The *In re KIND LLC "Healthy & All Natural" Litig.* 209 F. Supp. 3d 689 (S.D.N.Y. 2016) decision, cited by Defendant, dismissed a "non-GMO" claim because plaintiff failed to specify which products actually included GMOs.  Here, in contrast, Plaintiff has identified each of the Products he alleges contain synthetic ingredients.

    *Second*, Defendant's argument that Plaintiff does not have standing to challenge all twenty-five (25) of the Products identified in the Complaint is premature, and must be reserved for the class certification stage.  *See Petrosino v. Stearn's Products, Inc.*, No. 7:16-cv-007735-NSR, 2018 U.S. Dist. LEXIS 55818, *13 (S.D.N.Y. March 30, 2018) (declining to analyze standing to challenge unpurchased products at the motion to dismiss phase); *Ault v. J.M. Smucker* Co., No. 13 Civ. 3409, 2014 U.S. Dist. LEXIS 67118 (S.D.N.Y. May 15, 2014) (same).

In any event, even if the Court were to address the issue at the motion to dismiss stage, the Products Plaintiff purchased are "substantially similar" to those he did not, and therefore he has standing to challenge each of the Products in the Complaint. *Bautista v. Cytosport, Inc.*, 223 F. Supp. 3d 182, 188 (S.D.N.Y. 2016); *see also Quinn v. Walgreen Co.*, 958 F. Supp. 2d 553, 541 (S.D.N.Y. 2013) ("The majority of the courts that have carefully analyzed the question hold that [standing exists] so long as the products and alleged misrepresentations are substantially similar."). Here, all of the Products bear one of two nearly identical representations, "All Natural" or "Totally Natural," and one of the Products that Plaintiff purchased, make *both.* Thus, unlike *DiMuro v. Clinique Labs, LLC.,* 914 F.Supp.2d 601 (S.D.N.Y. 2012), Defendant did not make different advertising claims on the purchased and unpurchased products.

*Third*, Plaintiff has standing to pursue injunctive relief because the inability of consumers to rely on the Products' labels in the future constitutes a threat of harm, and a contrary holding would mean no one would ever have standing to pursue injunctive relief. *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 317 F.R.D. 374, 397-98 (S.D.N.Y. 2016) (finding plaintiffs' statements that they would buy products again if they were properly labeled sufficient for standing). Indeed, by alleging that he would purchase the Products in the future if the ingredients are changed so that they are actually natural, Plaintiff has gone *beyond* what is required to demonstrate standing for injunctive relief. *Petrosino*, 2018 U.S. Dist. LEXIS 55818, at *11 ("This Court now finds, as it has done before, that a Plaintiff in a consumer protection suit has standing to seek injunctive relief regardless of any promises to purchase the products in questions in the future."). Defendant alleges that it has ceased selling Products with the "Totally Natural" representation. Even if this were true, Plaintiff's demand for injunctive relief regarding the "All Natural" claims is not moot.

*Fourth*, Defendant contends that a reasonable consumer could not be deceived by the phrase "totally natural pet care" into believing that the Products contain totally natural ingredients. This argument is contrary to common sense, but is also for a jury to decide unless the Court can find, as a matter of law, that no reasonable consumer could possibly be misled. However, courts in the Second Circuit have found that even less direct and explicit variations of the term "natural" can be deceptive and mislead a consumer into believing that a product contains *exclusively* natural ingredients. *See e.g., Goldemberg v. Johnson & Johnson Consumer Cos*., 2014 U.S. Dist. LEXIS 47180 (S.D.N.Y Mar. 27, 2014) ("[we] cannot find as a matter of law that no reasonable consumer could be misled by [the phrase 'Active Naturals'] into believing the products contain exclusively natural ingredients."); *Silva v. Smucker Natural Foods, Inc*., 2015 U.S. Dist. LEXIS 122186 (E.D.N.Y. Sept. 14, 2015) (rejecting defendant's argument that, as a matter of law, no reasonable consumer could be similarly misled by the term "natural" into thinking that the products were exclusively natural). The recent ruling by Judge Cogan in *Luib v. Henkel Consumer Goods, Inc*., 17-cv-03021 (BMC), 2018 U.S. Dist. LEXIS 18598 (E.D.N.Y. Feb. 5, 2018) is instructive. Defendant in *Luib* manufactured laundry detergent with the label "natural elements" and moved for summary judgment arguing that no reasonable consumer could be deceived by the labeling because a large percentage of the ingredients were natural. Judge Cogan disagreed, holding that "[w]hether or not the 'Natural Elements' label is materially misleading turns on whether a factfinder determines that a reasonable person would be misled by this label into thinking that the Products contain no synthetic elements . . . I cannot say that it would unreasonable as a matter of law for a factfinder to come out one way or the other on this issue, and thus the inquiry is a factual one." *Id* at * 6. The "Totally Natural" and "All Natural" representations made by Earthbath are

even more likely to deceive consumers into believing that the Products contain exclusively natural ingredients than the "Active Naturals" and "Natural Elements" claims in *Goldemberg* and *Luib*.

Nor is Defendant's "Natural" representation "mere puffery" as Defendant suggests. *See Petrosino*, 2018 U.S. Dist. LEXIS 55818, *22, n.6 (rejecting argument that "natural" representation constituted puffery and holding that "[t]he term 'natural' is an affirmative claim about a product's qualities and is, therefore, not an exaggeration or overstatement expressed in broad, vague, and commendatory language.") (internal quotations omitted). Moreover, Defendant provides no support for its contention that no reasonable consumer could be deceived into believing that products like grooming wipes and pet shampoo are made entirely from natural ingredients. *See Balser v. Hain Celestial Group, Inc.*, 640 F. App'x 694, 696 (9th Cir. 2016) (rejecting the argument that plaintiff's "natural" labeling claims were implausible because "shampoos and lotions do not exist in nature, there are no shampoo trees.").

*Fifth*, "[c]laims under the Magnuson Moss Act stand or fall with [plaintiffs'] express and implied warranty claims under state law. Therefore, th[e] disposition of [] state law warranty claims determines the disposition of the Magnuson-Moss Act claims." *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 249 (2d Cir.1986). Contrary to Defendant's argument, a "natural" label can constitute an actionable warranty under New York law. *See Sitt*, 2016 U.S. Dist. LEXIS 131564, at *54 (allowing breach of express warranty claim to proceed based on "natural" representation); *Ault* 2014 U.S. Dist. LEXIS 67118, at *20 (same); *Goldemberg*, v. *Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467, 483 (S.D.N.Y. 2014) (same). Since Defendant's representations constitute an express warranty under New York law, they also constitute one under the MMWA.

*Sixth*, the Complaint satisfies the requirement of Rule 9(b) and describes the "who," "what," "when," "where," and "how" of Defendant's misconduct. Consequently, Plaintiff's claims for breach of the consumer fraud statutes of 42 states are adequately pleaded. *See Allen v. ConAgra Foods, Inc.*, No. 13-cv-01279-JST, 2013 U.S. Dist. LEXIS 125607, *35 (N.D. Cal. Sept. 2, 2013) (declining to dismiss cause of action alleging violations of 48 state consumer protection statutes).

*Finally*, the FDA's vague comments regarding the possibility of defining the word "natural" on food labeling do not support a stay in this case. Defining "natural" in the context of food labeling would have little, if any, impact on cases such as this one, involving "natural" labeling in the dog grooming industry. *See Petrosino*, 2018 U.S. Dist. LEXIS 55818, at *31 ("As instructive as [an FDA definition of "natural"] may be, it ultimately involves a significantly different subject matter, namely, food products instead of cosmetics."). Even in the context of "natural" food labeling, courts have rejected motions to stay on primary jurisdiction because "the issue at stake is legal in nature and lies within the realm of judicial competence." *In re Frito-Lay N. Am., Inc. All Nat. litig.*, No.12-MD-2413 (RRM)(RLM), 2013 U.S. Dist. LEXIS 123824, at *23 (E.D.N.Y. Aug. 29, 2013) (refusing to dismiss claims regarding "All Natural" labels on snack chips based on primary jurisdiction doctrine); *see also Forsher v. Boar's Head Provisions* Co., Inc No. 17-cv-04974, September 14, 2018 Order (N.D. Cal.) (refusing to stay claims regarding "natural" cheese products on primary jurisdiction grounds). In fact, courts have even begun to reverse stays in cases relating to food labeling on the grounds that the FDA has given no indication that regulations on the term "natural" are imminent. *See In re Kind,* No. 15-MD-2645 (WHP), 2018 U.S. Dist. LEXIS 34595, at *3-4 (S.D.N.Y. March 2, 2018) (lifting a stay in a "natural" labeling case because the FDA had not taken any affirmative steps to define "natural").

For the reasons set forth above, the Court should deny Defendant's request to file a motion to dismiss and should order Defendant to answer the Complaint.

Respectfully submitted,

**THE SULTZER LAW GROUP P.C.**

Jason Sultzer

cc: All Counsel of Record via ECF